IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED
JUL 1 2 2016
David J. Bradley, Clerk of Court

| | |
|---|---|
| Siemens Product Lifecycle Management Software Inc. ) <br> *Plaintiff* ) <br> V. ) <br> DOE 18 assigned to IP Address 24.23.221.223 ) <br> *Defendant* ) <br> ) | Civil Action No. 4:16-CV-1422 |

## MOTION TO QUASH

I received a letter from my ISP regarding a subpoena, which included a copy of the Order Granting Plaintiff's Motion for Discovery. From accounts of previous defendants, these subpoenas are followed by demand letters as well as threatening phone calls – which demand several thousands of dollars to settle this lawsuit and for this reason I respectfully request that I be allowed to file this motion without revealing my personal identifying information. I move for an order quashing the subpoena served upon Comcast Cable Communications as it pertains to Doe #18, on the grounds that

(1) It subjects Doe Defendant #18 to undue burden, in that their name and personal information will be revealed to Plaintiff, resulting in serious invasion of Defendant's privacy. The fact that the subpoena specifically asks for the Defendant's phone number and email is very indicative of this. Additionally, Doe Defendant #18 is not a resident of Texas and lives more than 1000 miles from this court.

(2) The subpoena must be quashed under Rule 45(c)(3)(A)(ii), as it requires the Custodian of Records of Comcast, located in Moorestown, New Jersey, to produce documents at the office of Plaintiff's counsel in Houston, Texas, which is more than 1500 miles away.

(3) Plaintiff has improperly joined 100 individual defendants based on entirely disparate alleged acts.

## Memorandum of Points and Authorities

Defendant Doe #18 is a private citizen who lives outside of Texas, more than 1000 miles from Houston, Texas. The subpoena calls for production at an office in Houston, Texas. The Custodian of Records of Comcast in Moorestown, New Jersey is more than 1500 miles from Houston, Texas.

Defendant Doe #18 has been informed by Comcast that Comcast believes that Defendant's "IP" address is an address included on a spreadsheet produced by the Plaintiff with the subpoena served upon Comcast. However this "IP" address does not belong to my computer, although the Defendant does have wireless internet service that does not require any password.

The complaint and attachments to the subpoena to Comcast in this action allege that the Defendant infringed upon the Plaintiff's copyrights on the Internet. This allegation is completely untrue and in fact I have neither the software nor the hardware necessary to download or use the Plaintiff's product. In addition, this subpoena subjects Defendant to unlawful accusations, harassment, and undue burden, as many previous defendants of this same Plaintiff in recent similar cases have all described being heavily harassed and receiving threatening phone calls and mail trying to intimidate them into settlement after their person information was revealed.

Plaintiff has improperly joined 60 individual Defendants based on entirely disparate alleged acts. Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG*

*Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder). The individual Defendants have no knowledge of each other and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Therefore, for the foregoing reasons, Defendant, Doe #18, respectfully requests that this Honorable Court enter an Order GRANTING this Motion and

1. QUASHING the outstanding subpoena seeking Doe 18's identity;

2. ENTERING a protective order preventing Plaintiff from obtaining further discovery as to Defendant; and

3. FOR SUCH OTHER AND FURTHER RELIEF that this Court deems just and proper.

Dated: June 20, 2016

Signature: _____

Doe No. 18 assigned to IP Address 24.23.221.223

Pro se

Civil Action No. 4:16-cv-01422

## Certificate of Service

I hereby certify that on 6/20/2016, I served a copy of the foregoing documents, via US Mail, on:

Robert Riddle

811 Main Street, Suite 1700,

Houston, TX 77002